IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

      v.          No. 5:10-cr-50124
      v.          No. 5:12-cv-05121

CONRAD ELIOT DICKSON                              DEFENDANT/PETITIONER

## O R D E R

Now on this 19th day of November, 2012, comes on for consideration the **Report and Recommendation** of the Magistrate Judge (document #32) and petitioner's objections thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. Petitioner was convicted of one count of Conspiracy to Use an Interstate Facility to Promote, Manage, Establish, Carry-on, and Facilitate Prostitution, in violation of 18 U.S.C. §§ 1952(a)(3)(A) and 371. The Court sentenced him to twelve months' incarceration followed by three years' supervised release and ordered him to pay fines and assessments totaling $2,100. Petitioner did not attempt to appeal the conviction.

2. On June 27, 2012, petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, arguing the following grounds:

(I) that his conviction must be vacated based on *United States v. Santos*, 553 U.S. 507 (2008);

(II) that the conspiracy charge was improperly added to the substantive charge in his case;

(III) that he was actually innocent of the crime charged and only pled guilty due to ineffective assistance of counsel; and

(IV) that the Assistant U.S. Attorney, Tracy Triplett, engaged in prosecutorial misconduct.

3. The case was referred to Magistrate Judge James R. Marschewski, who recommended that the § 2255 motion be denied and dismissed with prejudice. Petitioner filed objections to the recommendation as it pertained to grounds I, III, and IV but abandoned ground II.

4. Three of the grounds alleged in petitioner's motion are procedurally barred. Non-constitutional and non-jurisdictional claims are generally barred if not raised by the petitioner on direct appeal. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). This procedural default may be excused only if the petitioner demonstrates a cause and actual prejudice from the errors asserted. *Id.*

Grounds I, II, and IV are non-constitutional, non-jurisdictional claims that are generally foreclosed to review on a § 2255 motion. Petitioner has offered no excuse for failing to appeal on these claims beyond a general accusation of deficient performance by his attorney. Ineffective assistance of counsel is a separate claim altogether, one that is not procedurally barred. Therefore, the Court will dismiss grounds I, II, and IV as a procedural matter and will address petitioner's ineffective-

assistance arguments below.

5. The Court further notes its agreement with the Magistrate Judge that, even if not procedurally barred, grounds I, II, and IV are without merit. The Court adopts the Magistrate Judge's reasoning as stated in the Report and Recommendation.

6. The Court will now address petitioner's claim of ineffective assistance of counsel. In his § 2255 motion, petitioner argues that his attorney was deficient because she allowed him to plead guilty to a charge the government could not prove. As stated in the Report and Recommendation, the government had to prove only that petitioner "knew" that the escorts were engaging prostitution, not that he persuaded, induced, enticed, or coerced such activity. Petitioner stipulated that the government could prove this knowledge beyond a reasonable doubt. *See* Plea Agreement, document #5, page 5 ("Dickson knew that females working as prostitutes for Mitchell's services were engaging in acts of prostitution by providing sexual services to customers for payment."). Therefore, petitioner's argument that the government could not prove its case is meritless. The failure to raise a meritless argument cannot be ineffective assistance of counsel. *Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990). This claim will likewise be dismissed.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's **Report and Recommendation** (document #32) is hereby **adopted *in toto***, and

petitioner's objections thereto are overruled.

**IT IS FURTHER ORDERED** that petitioner's **Motion to Vacate under § 2255** (document #22) is hereby **denied and dismissed with prejudice.**

**IT IS SO ORDERED.**

                                         **/s/ Jimm Larry Hendren**
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**